OPINION OF THE COURT — by the
How. HARRY CAGE.
This is an action of assumpsit, commenced in the circuit court of Madison county, during the pendency of which, the parties agreed that the matters and things in dispute be submitted to arbitration, and that the award of the arbitrators, or a majority of them, be entered as the judgment of the court at that term; ten days notice first being given of the time and place of themeetingof the arbitrators. It appears from an inspection oftherecord in this case, that the arbitrators met, in pursuance to the submission, and made their award, which was returned to the clerk’s office in vacation, upon which award the clerk issued execution for the amount awarded to the plaintiff below, the defendant in error, which execution was levyed upon the property of the plaintiff in error and a forth coming bond taken; at the succeeding term of said court the plaintiff in error made a motion to quash the execution and forthcoming bond, upon the grounds that there was no judgment upon which to base the execution, the award be *317 ing returned in vacation no execution could legitimately emanate upon it. The court below overruled the motion to quash, from which opinion and judgment of the court the plaintiff in error prayed an appeal to this court.
It is not, nor will it be pretended that the clerk has the power of entering up a judgment in vacation upon any interlocutory ordor of the court.
In the case before the court as appears by the record, the parties consented to refer the matters and things in dispute to refferees to be chosen by themselves, and further consented that the award wheii made should be entered and become the judgment of the court of that term. It is evident by a reference to the submission under which this award was made, that the parties intended, and so understood, that the award would be made in vacation, for the ten days notice which was to be given under the stipulations or the submission could not be done during that session of the court, the session of that court being' limited to one week, and that being regulated by law, the parties are presumed to have known it, and it being a public act this court is bound to take notice of it. The parties then must have known that this award would be made and entered in vacation, and under this knowledge, they consent that it shall become the judgment of the conrt of that term, to wit; the term at which the submission was made. It is by the consent and agreement of the parties themselves that the award was to be entered as the judgment of the court, then under the old and familiar rule, that consent cures error, and that the more regular proceedings of courts of justice may in many instances be dispensed with by the agreement of the parties, no intervention of the court in this case was necessary. The principles upon which the judgment was to be entered was understood and agreed upon between the parties, and it only-remained for the award to be made in order to ascertain the amount due, and when that was done and returned into the clerk’s office, the consent rule attached and eo instanti became the judgment of the court upon which execution might legitimately issue — these principles will be found to be supported by a reference to the cases of Lee vs. Sanford in 1st East Reports, page 400, and in McMurry vs. O’Neal, 1 Calls Reports page 246.
We are therefore of opinion that there is no error in the court below in overruling the motion to quash the execution and forthcoming bond.
Judgment below affirmed.